ROBERT S. GERBER, Cal. Bar No. 137961
rgerber@sheppardmullin.com
MICHAEL MURPHY, Cal. Bar No. 234695
mmurphy@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858-720-8900
Facsimile: 858-509-3691

ASHLEY E. MERLO, Cal. Bar No. 247997
amerlo@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendant
COLDWATER CREEK INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COLDWATER CREEK INC.,<br><br>                    Defendant. | Case No. 08-cv-02307-H-WVG<br>Assigned to: The Hon. Marilyn L. Huff<br><br>**COLDWATER CREEK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXHIBITS 1236-1239 AND RELATED TESTIMONY OF GEORGIA SHONK-SIMMONS (MIL #14)**<br><br>Date:       March 15, 2011<br>Time:       9:00 a.m.<br>Courtroom:  13 |

W02-WEST:6MRM1\403266813.1

Case No.08-cv-02307-H-WVG
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXHIBITS 1236-1239 AND RELATED TESTIMONY
OF GEORGIA SHONK-SIMMONS (MIL #14)

## I. INTRODUCTION

By this motion, defendant Coldwater Creek Inc. ("Coldwater Creek" or "Coldwater") seeks an order precluding Brighton Collectibles, Inc. ("Brighton") from presenting plaintiff's Exhibits 1236-1239 and the related testimony from the deposition of Ms. Georgia Shonk-Simmons, Coldwater's Chief Merchandising Officer.  The exhibits falsely represent Brighton products as coming from Coldwater, and the deposition testimony asks Ms. Shonk-Simmons to opine on whether the falsely labeled Brighton products are substantially similar and/or similar to accurately labeled Brighton products.  These exhibits and the related deposition testimony are the result of fraud, are irrelevant to any issues before the jury, will confuse the jury, and are unduly prejudicial to Coldwater.  Accordingly, the exhibits and testimony should be excluded by the Court.

## II. BACKGROUND

Brighton contends that Coldwater infringed three of its allegedly copyrighted designs:  a heart and scroll ornament found on its handbags (the "Melanie"), the buckle and tip of a belt (the "Leonardo"), and the design of a watch (the "Laguna").  In conducting depositions of both Brighton and Coldwater witnesses, a key line of questioning by both sides involved comparison and analysis of Brighton products bearing the asserted copyrights with Coldwater products that bear allegedly infringing designs.  (Gerber Decl., ¶¶ 2.)  Since actual exemplar products are available, in most instances, the exemplars have been used at deposition many times.  (Gerber Dec., ¶ 2.)

At the deposition of Ms. Shonk-Simmons, Coldwater's Chief Merchandising Officer, however, Brighton's counsel did not use exemplar products in some instances.  Instead, he used pictures of several products for purposes of comparison, even though exemplar products were available.  (Gerber Decl., ¶¶ 3, 4, 7-9.)  It now turns out that several pictures were fraudulently manufactured, disguised and/or labeled – these pictures falsely identified modified Brighton designs as coming from Coldwater.  Coldwater has previously accused Brighton's counsel of using these fraudulent exhibits to extract

1

W02-WEST:6MRM1\403266813.1

Case No.08-cv-02307-H-WVG
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXHIBITS 1236-1239 AND RELATED TESTIMONY
OF GEORGIA SHONK-SIMMONS (MIL #14)

1  testimony from Ms. Shonk-Simmons that the falsely labeled "Coldwater" designs were
2  similar to Brighton's copyrighted designs.  Docket No. 67.  In ruling on the motion, the
3  Court stated (Docket No. 81):

4      "At this time, it is not clear whether Plaintiff will seek
5      to introduce the exhibits and related testimony at trial. At an
6      appropriate time, Plaintiff is required to identify trial exhibits
7      and deposition testimony in the Pretrial order pursuant to
8      CivLR 16.1(f). When the Court sets a briefing schedule for
9      motions in limine prior to trial, Defendant may make a
10     motion in limine under Evidence Code section 403, or on
11     other grounds, to preclude the use of specified portions of
12     deposition testimony and related exhibits supported by
13     appropriate citations to the facts and the law."

14
15     Defendant now makes this motion based upon the following facts and law.
16
17     At the deposition of Ms. Shonk-Simmons, counsel for Brighton presented Ms.
18 Shonk-Simmons with five exhibits purporting to contain representations of Brighton
19 products and Coldwater products.  The first document (exhibit 1235) purported to depict a
20 Brighton heart ornament and a Coldwater heart ornament, and did in fact depict the
21 Brighton Melanie heart and a heart ornament found on some Coldwater Creek handbags.
22 (Gerber Decl., ¶¶ 5, 6; Gerber Decl. Ex. II.)  Counsel then asked Ms. Shonk-Simmons
23 whether the ornamentation appeared substantially similar.  (Murphy Decl., Ex. HH at
24 45:12-14.)  Ms. Shonk-Simmons responded that the ornaments had "some similarities but
25 they have many differences."  (Id. at 45:15-16.)  Curiously, counsel did not follow up this
26 response by asking Ms. Shonk-Simmons what the similarities or differences were.
27
28

2

W02-WEST:6MRM1\403266813.1

Case No.08-cv-02307-H-WVG
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXHIBITS 1236-1239 AND RELATED TESTIMONY
OF GEORGIA SHONK-SIMMONS (MIL #14)

1    Instead, after setting the stage with an accurately labeled comparison, counsel
2 immediately entered the falsely labeled exhibits sought to be excluded by this motion.
3    The next exhibit counsel provided to Ms. Shonk-Simmons purported to show a
4 Brighton belt buckle and a Coldwater belt buckle.  This was a false representation.
5 Although the pictures on the exhibit were labeled "Brighton" and "Coldwater," the exhibit
6 actually featured two "different pictures" of a Brighton product.  (Gerber Dec., Ex. JJ.)
7 Thus, the exhibit was false and misleading.  However, Brighton's counsel did not correct
8 his misrepresentation.  Instead, just as with the prior exhibit, counsel inquired whether the
9 belts were substantially similar, to which Ms. Shonk-Simmons conceded that they were
10 similar.  (Murphy Decl., Ex. HH at 45:19-46:11.)  However, unlike her testimony
11 regarding Exhibit 1235, Ms. Shonk-Simmons did not comment that she saw any
12 differences.
13    Counsel continued this deceitful line of questioning with the next three deposition
14 exhibits.  Exhibit 1237 purported, on its face, to depict a Brighton belt tip and a Coldwater
15 belt tip, Exhibit 1238 purported, on its face, to depict a Brighton heart ornament and a
16 Coldwater heart ornament, and Exhibit 1239 purported, on its face, to depict a Brighton
17 watch and a Coldwater watch.  (Gerber Dec., Exs. KK-MM.)  All of these representations
18 by Brighton's counsel were false.  In fact, the images on the exhibits were "different
19 pictures of the Brighton products."  (Gerber Dec., Ex. HH at 49:21-23.)  For each false
20 document, Brighton's counsel inquired whether the products shown in the pictures were
21 substantially similar, to which, with the exception of the watch exhibit, Ms. Shonk-
22 Simmons agreed the items were similar, but did not comment on any differences.  (Gerber
23 Decl., Ex. HH at 45:17-49:5.)  When Brighton's counsel was asked by Coldwater's counsel
24 to represent that the depictions of the Coldwater products were in fact Coldwater products,
25 Brighton's counsel refused to respond and instead repeatedly asked Ms. Shonk-Simmons
26 whether the items in the side-by-side depictions were substantially similar.  (Gerber Dec.,
27 Ex. HH at 47:20-49:20.)
28

When Ms. Shonk-Simmons was questioned about the exhibit depicting two photos of the Brighton watch (one altered through the apparent use of computer manipulation and falsely labeled as "Coldwater"), Brighton's fraud was uncovered.  Ms. Shonk-Simmons realized that the watch labeled "Coldwater" was in fact not a Coldwater watch.  The watch labeled as coming from Coldwater was in fact Brighton's Laguna watch but the Brighton logo on the watch had been covered up and the picture was positioned and cropped so as not to show the fob that appears on Coldwater's watch or the keepers of the watches.

Once his fraud had been discovered, Brighton's counsel admitted that all the prior comparative exhibits were misrepresentations and that he had altered a photo of a Brighton watch and labeled it as "Coldwater." Indeed, he stated on the record, "We did take out the Brighton logo, you're right about that."  (Gerber Dec., Ex. HH at 50:10-11; see also Gerber Dec. ¶ 11.)  When confronted with his alteration and falsification of evidence, Brighton's counsel responded "I'm not … modifying evidence; *I'm creating evidence*."  (Gerber Dec., Ex. HH at 50:12-19.)

**III.   ARGUMENT**

The Court should prohibit Brighton from introducing Plaintiff's Exhibits 1236-1239 and the related deposition testimony, allowing these false documents and the associated deposition testimony into evidence would confuse the jury and impose severe prejudice to Coldwater.  The documents are irrelevant, inaccurate and false, and the deposition testimony was procured through fraud.

**A.   Exhibits 1236-1239 Are Irrelevant, Inaccurate And Unduly Prejudicial**

Pursuant to Fed. R. Evid. 402, "evidence which is not relevant is not admissible."  The issue before the Court and the jury is whether Coldwater's accused designs are either substantially similar to, or virtually identical to, Brighton's asserted copyrighted designs.  Thus, comparisons of falsely labeled Brighton products to correctly labeled Brighton products have no bearing on this case.  Because Exhibits 1236-1239 fail

4

W02-WEST:6MRM1\403266813.1

Case No.08-cv-02307-H-WVG
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXHIBITS 1236-1239 AND RELATED TESTIMONY
OF GEORGIA SHONK-SIMMONS (MIL #14)

to compare Coldwater's accused designs with Brighton's asserted copyrights, the exhibits are irrelevant.

Exhibits 1236-1239 are also inaccurate. To be admissible demonstrative exhibits must fairly and accurately depict the original. *See United States v. Walema,* 194 F.3d 1319 (9th Cir. 1999); *United States v. Myers*, 972 F.2d 1566, 1579 (11th Cir. 1992); *Nichols Constr. Corp. v. Cessna Aircraft Co.,* 808 F.2d 340, 353 (5th Cir. 1985); *see also Whitaker v. Pima County*, 640 F. Supp. 2d 1095, 1106 (D. Ariz. 2009). Exhibits 1236-1239 on their face purport to compare Coldwater's accused designs with Brighton's asserted copyrights. But they do not. There is no dispute that Exhibits 1236-1239 do not depict ***any*** Coldwater products or designs – despite the labels found on all four exhibits. In fact, Brighton's counsel admitted on the record that the pictures do not in fact show any Coldwater products, that Brighton altered the Brighton watch to remove the Brighton logo, and that he was "creating evidence." This admission underscores that Exhibits 1236-1239 are inadmissible. Because Exhibits 1236-1239 are not true and accurate depictions of Coldwater products, and are falsely labeled pictures fraudulently created by Brighton's counsel, the Court should prohibit Brighton from entering those exhibits into evidence or showing them to the jury.

In addition to being irrelevant and inaccurate, introduction of Exhibits 1236-1239 would also be unduly prejudicial to Coldwater. Pursuant to Fed. R. Evid. 403, the court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time . . . ." Here, whether used as direct or impeachment evidence, the jury would be presented with a series of pictures comparing products falsely identified as coming from Coldwater with Brighton's asserted designs. Even with a corrective instruction, it is hard to see how jurors would not be confused and misled, particularly if also presented with Exhibit 1235 – which did contain pictures of actual Brighton and Coldwater products. Accordingly, introduction of Exhibits 1236-1239

5

W02-WEST:6MRM1\403266813.1

Case No.08-cv-02307-H-WVG
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXHIBITS 1236-1239 AND RELATED TESTIMONY
OF GEORGIA SHONK-SIMMONS (MIL #14)

would serve no probative value, would confuse and mislead the jury, and would unduly prejudice Coldwater.

### B. Brighton Should Be Prohibited From Presenting The Testimony Of Georgia Shonk-Simmons Related To Exhibits 1236-1239

Like Exhibits 1236-1239, Ms. Shonk-Simmons' testimony regarding those exhibits was obtained by fraud and is irrelevant.  Moreover, introduction of Exhibits 1236-1239 would be particularly confusing, misleading and prejudicial when coupled with a purported admission from Ms. Shonk-Simmons, Coldwater's Chief Merchandising Officer, that the falsely identified "Coldwater" products are similar to Brighton's asserted copyrights.  Furthermore, without the introduction of Exhibits 1236-1239, Ms. Shonk-Simmons' testimony would be nonsensical.  Accordingly, the Court should prohibit Brighton from introducing the testimony of Ms. Shonk-Simmons related to Exhibits 1236-1239 (Page 45, line 19 through Page 50, line 4 of the October 9, 2009 deposition of Ms. Shonk-Simmons).

Dated:  February 15, 2011

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:      s/ *Robert S. Gerber*
ROBERT S. GERBER
Attorneys for Defendant
COLDWATER CREEK INC.
E-mail:  rgerber@sheppardmullin.com

W02-WEST:6MRM1\403266813.1

6

Case No.08-cv-02307-H-WVG
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXHIBITS 1236-1239 AND RELATED TESTIMONY
OF GEORGIA SHONK-SIMMONS (MIL #14)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 15, 2011 to all counsel who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ *Robert S. Gerber*
ROBERT S. GERBER (SBN 137961)
E-mail:  rgerber@sheppardmullin.com

7

W02-WEST:6MRM1\403266813.1

Case No.08-cv-02307-H-WVG
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXHIBITS 1236-1239 AND RELATED TESTIMONY
OF GEORGIA SHONK-SIMMONS (MIL #14)