WINTON LARSON & SOLECKI, LLP
Steven W. Winton (State Bar No. 114425)
swwinton@wintonlarson.com
11770 Bernardo Plaza Court, Suite 255
San Diego, CA 92128
Tel. (858) 385-0040 / Fax (858) 385-0050

BROWNE WOODS GEORGE LLP
Peter W. Ross (State Bar No. 109741)
pross@bwgfirm.com
Keith J. Wesley (State Bar No. 229276)
kwesley@bwgfirm.com
2121 Avenue of the Stars, 24th Fl.
Los Angeles, CA 90067
Tel. (310) 274-7100 / Fax (310) 275-5697

LAW OFFICES OF GARY FREEDMAN
Gary Freedman (State Bar No. 49922)
goromans@aol.com
1149 Third Street, Suite 200
Santa Monica, CA 90403
Tel. (310) 576-2444 / Fax (310) 576-2440

Attorneys for Plaintiff Brighton Collectibles, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>COLDWATER CREEK INC., a Delaware corporation; and Does 1 through 10, inclusive,<br><br>　　　　　　　Defendant. | Case No. 08-CV-2307-H (WVG)<br><br>**PLAINTIFF BRIGHTON'S MOTION IN LIMINE NO. 8 TO EXCLUDE EXHIBIT EQ**<br><br>Date: March 15, 2011<br>Time: 9:00 a.m.<br>Location: Courtroom 13 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on March 15, 2011, at 9:00 A.M., or as soon thereafter as
3  the matter may be heard, in Courtroom 13 of the United States District Court, Southern District of
4  California, located at 940 Front Street, San Diego, California, before the Honorable Marilyn L.
5  Huff, plaintiff Brighton Collectibles, Inc. ("Brighton") will, and hereby does, move this Court in
6  limine for an order excluding trial exhibit EQ.

7      Brighton brings this motion pursuant to Federal Rules of Evidence 401, 403 and 802 and
8  on the grounds that exhibit EQ – an abandoned trademark registration filed by a counterfeiter for
9  designs that are not in issue in this dispute – is irrelevant, likely to cause juror confusion and
10 waste trial time and contains inadmissible hearsay.  The motion is based on this notice, the
11 accompanying memorandum of points and authorities, and exhibits thereto, the Declaration of
12 Keith J. Wesley, and all of the papers, records, and files herein, and upon such oral and
13 documentary evidence that may be presented at the hearing on this matter.

14 Dated:  February 15, 2011    WINTON LARSON & SOLECKI, LLP
    Steven W. Winton

15
16     BROWNE WOODS  GEORGE LLP
    Peter W. Ross
    Keith J. Wesley

17
18     LAW OFFICES OF GARY FREEDMAN
    Gary Freedman

19
20     By    s/ Peter W. Ross
    Attorneys for Plaintiff
21     Brighton Collectibles, Inc.
    E-mail: pross@bwgfirm.com
22

23
24
25
26
27
28

270933_1.DOC     -1-    08-CV-02307-H (WVG)

PLAINTIFF BRIGHTON'S MOTION IN LIMINE NO. 8 TO EXCLUDE EXHIBIT EQ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

There are three copyrighted designs owned by Brighton that are in issue in this case – the "Laguna" watch, "Leonardo" belt hardware and "Melanie" heart ornament (the "Designs in Issue"). Thus, the issues for the jury to decide will be (a) does Brighton in fact own copyrights in the Designs in Issue; (b) did defendant Coldwater have access to the Designs in Issue, (c) did Coldwater distribute products bearing designs that are substantially similar to the Designs in Issue; and (d) what damages, if any, should be awarded. Trial Exhibit EQ -- an abandoned trademark registration filed by a counterfeiter for designs that are not in issue in this dispute – is wholly irrelevant to any and all of those questions. In light of its irrelevance to this dispute, Exhibit EQ is also likely to confuse the jury and waste trial time, if Coldwater makes reference to it. Finally, Exhibit EQ contains inadmissible hearsay that should not be considered by the jury. Therefore, Brighton respectfully requests the Court to exclude in limine Exhibit EQ.

## II. EXHIBIT EQ IS IRRELEVANT, LIKELY TO CONFUSE THE JURY AND WASTE TIME AND CONTAINS INADMISSIBLE HEARSAY

### A. Exhibit EQ

Exhibit EQ appears to be a trademark application submitted to the U.S. Patent and Trademark Office in December 1996 by an entity called Worfly International Inc. (Wesley Decl., Ex. I.) Oddly, the design that Worfly apparently sought to register as a mark for itself consisted of a combination of the word "Worfly" with Brighton's "dangling heart" trademark and Brighton's "Heart Flap Cherub" copyrighted ornament. The document states that the applicant first used the mark in 1992. The application went nowhere. The USPTO ruled that the application had been abandoned because the applicant failed to respond to an office action (or responded too late). In that Worfly has (a) previously been found liable for counterfeiting and (b) distributed product to an entity – YK Trading Co. – that has sold mass quantities of Brighton knockoffs,[1] Brighton reasonably believes Worfly was attempting to violate the Lanham Act by

---

[1] YK Trading Co. is a third-party defendant in a related case brought by Brighton that is also pending before this Court – *Brighton Collectibles, Inc. v. RK Texas Leather*, Southern District Case No. 10-CV-00419-H.

1  fraudulently registering Brighton's mark and copyright for itself. (Wesley Decl., Exs. J-K.)
2  Regardless of Worfly's motivation, however, the trademark application that is listed as Exhibit
3  EQ is irrelevant to any of the issues to be tried in this case.

### B. Exhibit EQ should be excluded in limine

Exhibit EQ is irrelevant and therefore should be excluded pursuant to Federal Rule of Evidence 401 and 403. The application has no bearing on any of the issues to be tried in this case. If Coldwater is permitted to reference the exhibit either in its opening statement or while questioning a witness, the jury will likely be confused, and Brighton will be required to waste valuable trial time rebutting an irrelevant and unreliable document. Finally, the statements on the exhibit are inadmissible hearsay. For example, it would be wholly improper and prejudicial if Coldwater is permitted to imply or assert to the jury that Worfly first used in commerce Brighton's dangling heart or Cherub Flap design in 1992, as printed in the application. No witness with relevant knowledge can testify to the truth of that likely false (and wholly irrelevant) statement. Referencing any statement in the likely fraudulent trademark application serves no purpose but to confuse the jury. Exhibit EQ should be excluded in limine.

Dated: February 15, 2011

WINTON LARSON & SOLECKI, LLP
Steven W. Winton

BROWNE WOODS GEORGE LLP
Peter W. Ross
Keith J. Wesley

LAW OFFICES OF GARY FREEDMAN
Gary Freedman


By _____s/ Peter W. Ross_____
Attorneys for Plaintiff
Brighton Collectibles, Inc.
E-mail: pross@bwgfirm.com

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, 24th Fl., Los Angeles, CA 90067.

On February 15, 2011, I served the foregoing document described as: **PLAINTIFF BRIGHTON'S MOTION IN LIMINE NO. 8 TO EXCLUDE EXHIBIT EQ** on the parties in this action by serving:

SEE THE ATTACHED SERVICE LIST

☐ **By Envelope** - by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

☐ **By Mail**: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **By Personal Service**: I delivered such envelope by hand to the offices of the addressee(s).

☐ **By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express box at 2121 Avenue of the Stars, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

☐ **By Facsimile Transmission**: On _____ at _____ .m., I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-275-5697, to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

☒ **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on February 15, 2011, at Los Angeles, California.

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
G. Diane Torosyan

270933_1.DOC                                                                                  08-CV-02307-H (WVG)

PLAINTIFF BRIGHTON'S MOTION IN LIMINE NO. 8 TO EXCLUDE EXHIBIT EQ

## SERVICE LIST

*Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*
USDC Southern District, Case No. 08-CV-02307-H (WVG)

| | |
|---|---|
| Robert S. Gerber, Esq.<br>Michael Murphy, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>12275 El Camino Real, Suite 200<br>San Diego, CA 92130-2006<br>Rgerber@sheppardmullin.com<br>Mmurphy@sheppardmullin.com<br>Tel.: 858.720.8900<br>Fax: 858.509.3691 | Co-Counsel for Defendant<br>Coldwater Creek Inc. |
| Ashley E. Merlo, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>650 Town Center Drive, 4th Fl.<br>Costa Mesa, CA 92626-1993<br>amerlo@sheppardmullin.com<br>Tel: 714.513.5100<br>Fax: 714.513.5130 | Co-Counsel for Defendant<br>Coldwater Creek Inc. |
| Steven W. Winton, Esq.<br>WINTON LARSON & SOLECKI, LLP<br>11770 Bernardo Plaza Court, Suite 255<br>San Diego, CA 92128<br>swwinton@wintonlarson.com<br>Tel:. 858.395.0040<br>Fax: 858.385.0050 | Co-Counsel for Plaintiff<br>Brighton Collectibles, Inc. |
| Gary Freedman, Esq.<br>LAW OFFICES OF GARY FREEDMAN<br>1149 Third Street, Suite 200<br>Santa Monica, CA 90403<br>goromans@aol.com<br>Tel.: 310.576.2444<br>Fax: 310.576.2440 | Co-Counsel for Plaintiff<br>Brighton Collectibles, Inc. |

270933_1.DOC

08-CV-02307-H (WVG)

PLAINTIFF BRIGHTON'S MOTION IN LIMINE NO. 8 TO EXCLUDE EXHIBIT EQ